(Counsel for the parties listed on next page)

FILED
CLERK, U.S. DISTRICT COURT
MAY - 7 2010
CENTRAL DISTRICT OF CALIFORNIA
BY                                    DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MESINDO POMPA, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>TARGET CORPORATION, and DOES 1 through 50, Inclusive,<br><br>　　　　　Defendants. | No. CV-10-0634 AHM (FFMx)<br><br>**CLASS ACTION**<br><br>**JOINT STIPULATION FOR PROTECTIVE ORDER**<br><br>Fed. R. Civ. P. 26(c)<br><br>Courtroom:　E (9th Floor)<br>Judge:　　　Hon. Frederick F. Mumm<br><br>**NOTE CHANGES MADE BY THE COURT** |

LEGAL_US_W # 64313364.2

JOINT STIPULATION FOR PROTECTIVE ORDER
U.S.D.C., C.D. Cal. No. CV-10-0634 AHM (FFMX)

1  JEROME L. RINGLER (Cal. State Bar No. 059918)
   jringler@rkallp.com
2  PAUL ALVAREZ (Cal. State Bar No. 115350)
   palvarez@rkallp.com
3  THOMAS H. PETERS (Cal. State Bar No. 163388)
4  tpeters@rkallp.com
   RINGLER KEARNEY ALVAREZ, LLP
5  633 West Fifth Street, 28th Floor
   Los Angeles, California 90071
6  Telephone: (213) 473-1900
7  Facsimile: (213) 473-1919

8  Attorneys for Plaintiff Mesindo Pompa

9  JEFFREY D. WOHL (Cal. State Bar No. 096838)
   jeffwohl@paulhastings.com
10 RISHI N. SHARMA (Cal. State Bar No. 239034)
   rishisharma@paulhastings.com
11 GREGGORY W. DALTON (Cal. State Bar No. 252000)
12 greggorydalton@paulhastings.com
   PAUL, HASTINGS, JANOFSKY & WALKER LLP
13 55 Second Street, 24th Floor
   San Francisco, California 94105
14 Telephone: (415) 856-7000
15 Facsimile: (415) 856-7100

16 Attorneys for Defendant Target Corporation

17
18
19
20
21
22
23
24
25
26
27
28

LEGAL_US_W # 64313364.2

JOINT STIPULATION FOR PROTECTIVE ORDER
U.S.D.C., C.D. Cal. No. CV-10-0634 AHM (FFMX)

## STIPULATION

Pursuant to Rule 26, Federal Rules of Civil Procedure, and the Court's Order re: Protective Orders and Treatment of Confidential Information, plaintiff Mesindo Pompa and defendant Target Corporation ("Target"), acting by and through their attorneys of record, stipulate to the Court's entering the following as the Protective Order in this action:

### Recitals

A.  Target contends that at least some of the documents, testimony, and other information being sought from Target through discovery in this action contain trade secret or other confidential research, technical, cost, price, marketing or other commercial information, as contemplated by Rule 26(c)(1)(G), Federal Rules of Civil Procedure, and California Civil Code section 3426.1.

B.  The purpose of this Protective Order is to protect the confidentiality, if any, of such documents and information as much as practical during the litigation.

Based on these recitals, the parties agree as follows:

### DEFINITIONS

1.  "Discovery Materials" includes, but will not be limited to: documents; correspondence; memoranda; bulletins; blueprints; specifications; customer lists or other material that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; telegrams; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches; drawings; notes (including laboratory notebooks and records); reports; instructions; disclosures; other writings; models, prototypes and other physical objects; responses to interrogatories, responses to requests for admissions, deposition testimony, trial testimony, transcripts of deposition or trial testimony, and other discovery responses; and data, summaries, and compilations derived

1  therefrom.

2. "Confidential Information" means and includes information contained or disclosed in any Discovery Materials that the producing party contends constitutes trade secret or other confidential research, technical, cost, price, marketing or other commercial information, as contemplated by Rule 26(c)(1)(G), Federal Rules of Civil Procedure, and California Civil Code section 3426.1.

3. "Counsel" means:
   a. outside counsel of record, and other attorneys, paralegals, secretaries, and other support staff employed in the law firms of Ringler Kearney Alvarez, LLP and Paul, Hastings, Janofsky & Walker LLP; and
   b. in-house attorneys, paralegals, legal secretaries, and other legal support staff for Target.

**GENERAL RULES**

4. Each party to this litigation that produces or discloses any Discovery Materials that the producing party believes contains Confidential Information may designate the same as "CONFIDENTIAL."

5. Any party may designate Discovery Materials as "CONFIDENTIAL" only if, in the good-faith belief of such party and its counsel, the unrestricted disclosure of the Confidential Information in such materials could be prejudicial to the business or operations of such party.

6. In the event the producing party elects to produce Discovery Materials for inspection, no marking need be made by the producing party in advance of the initial inspection. For purposes of the initial inspection, all Discovery Materials produced will be considered as "CONFIDENTIAL," and will be treated as such pursuant to the terms of this Order. Thereafter, upon selection of specified Discovery Materials for copying by the inspecting party, the producing party will, within a reasonable time prior to producing those Discovery Materials to the inspecting party, mark the copies of those Discovery Materials with the appropriate confidentiality marking.

1   7.   Whenever a deposition taken on behalf of any party involves a disclosure of
2   Confidential Information of any party:
3       a.   said deposition or portions thereof will be designated as containing
4            Confidential Information subject to the provisions of this Order; such
5            designation will be made on the record whenever possible, but a party
6            may designate portions of depositions as containing Confidential
7            Information after transcription of the proceedings; a party will have
8            until fifteen (15) days after receipt of the deposition transcript to
9            inform the other party or parties to the action of the portions of the
10           transcript designated "CONFIDENTIAL";
11      b.   the disclosing party will have the right to exclude from attendance at
12           said deposition, during such time as the Confidential Information is to
13           be disclosed, any person other than the deponent, counsel (including
14           their staff and associates), the court reporter, the videographer (if any)
15           and the person(s) agreed upon pursuant to paragraph 9 below; and
16      c.   the originals of said deposition transcripts and all copies thereof will
17           bear the legend "CONFIDENTIAL," as appropriate, and the original
18           or any copy ultimately presented to a court for filing will not be filed
19           unless it can be accomplished under seal, identified as being subject to
20           this Order, and protected from being opened except by order of this
21           Court.
22  8.   All Discovery Materials designated as "CONFIDENTIAL" will not be
23  disclosed by the receiving party to anyone other than those persons designated herein and
24  will be handled in the manner set forth below and, in any event, will not be used for any
25  purpose other than in connection with this litigation, unless and until such designation is
26  removed either by agreement of the parties, or by order of the Court.
27  9.   Discovery Materials designated "CONFIDENTIAL" will be viewed only by
28  Counsel of the receiving party, and by the additional individuals listed below, provided

[handwritten annotation: "the Court and its personnel"]

each such individual has read this Order in advance of disclosure and has executed a copy of the form attached hereto as Exhibit A:

    a.    the named plaintiff in this action;

    b.    independent experts or consultants retained by the parties;

    c.    executives who are required to participate in policy decisions with reference to this action;

    d.    technical personnel of the parties with whom Counsel for the parties find it necessary to consult, in the discretion of such counsel, in preparation for trial of this action; and

    e.    stenographic and clerical employees associated with the individuals identified above.

10. With respect to Discovery Materials designated "CONFIDENTIAL," any person indicated on the face of the document to be its originator, author or a recipient of a copy thereof, may be shown the same.

11. All Discovery Materials that have been designated as "CONFIDENTIAL" by the producing or disclosing party, and any and all reproductions thereof, will be retained in the custody of the Counsel for the receiving party, except that independent experts authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for their participation in this litigation.

12. Before any Discovery Materials that are designated as Confidential Information are filed with the Court for any purpose, the party seeking to file such materials will seek permission of the Court to file the materials under seal pursuant to Local Rule 79-5.1.

13. At any stage of these proceedings, any party may object to a designation of Discovery Materials as Confidential Information. The party objecting to confidentiality will notify, in writing, Counsel for the designating party of the objected-to Discovery Materials and the grounds for the objection pursuant to Local Rule 37-1. If the dispute is not resolved consensually between the parties within ten (10) business days of receipt of

1  such a notice of objections, the parties shall formulate a written stipulation of the dispute
2  pursuant to Local Rule 37-2 and move the Court for a ruling on the objection. The
3  Discovery Materials at issue will be treated as Confidential Information, as designated by
4  the designating party, until the Court has ruled on the objection or the matter has been
5  otherwise resolved.

6    14. Absent judicial relief, all Confidential Information will be held in confidence
7  by those inspecting or receiving it, and will be used only for purposes of this action.
8  Counsel for each party, and each person receiving Confidential Information will take
9  reasonable precautions to prevent the unauthorized or inadvertent disclosure of such
10 information. If Confidential Information is disclosed to any person other than a person
11 authorized by this Order, the party responsible for the unauthorized disclosure must
12 immediately bring all pertinent facts relating to the unauthorized disclosure to the
13 attention of the other parties and, without prejudice to any rights and remedies of the
14 other parties, make every effort to prevent further disclosure by the party and by the
15 person(s) receiving the unauthorized disclosure.

16   15. No party will be responsible to another party for disclosure of Confidential
17 Information under this Order if the information in question is not labeled or otherwise
18 identified as such in accordance with this Order.

19   16. If a party, through inadvertence, produces any Discovery Materials
20 containing Confidential Information without labeling or marking or otherwise
21 designating it as such in accordance with this Order, the designating party may give
22 written notice to the receiving party that the Discovery Materials are deemed Confidential
23 Information, and that the Discovery Materials should be treated as such in accordance
24 with that designation under this Order. The receiving party must treat the Discovery
25 Materials as confidential, once the designating party so notifies the receiving party. If the
26 receiving party has disclosed the Discovery Materials before receiving the designation,
27 the receiving party must notify the designating party in writing of each such disclosure.
28 Counsel for the parties will agree on a mutually acceptable manner of labeling or marking

Case 2:10-cv-00634-AHM-FFM   Page 8 of 13

the inadvertently produced Discovery Materials as "CONFIDENTIAL."

17. Nothing herein will prejudice the right of any party to object to the production of any Discovery Materials on the grounds that the materials are protected as privileged or as attorney work product.

18. Nothing in this Order will bar Counsel from rendering advice to their client(s) and, in the course thereof, relying upon any Discovery Materials designated as Confidential Information, provided that the contents of the materials will not be disclosed.

19. This Order will be without prejudice to the right of any party to oppose production of any Discovery Materials for lack of relevance or any other ground other than the mere presence of Confidential Information. The existence of this Order will not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

20. Nothing herein will be construed to prevent disclosure of Confidential Information if such disclosure is required by law or by order of the Court.

21. Upon final termination of this action, including any and all appeals, Counsel for each party will, upon request of the producing party, return all Confidential Information to the party that produced the information, including any copies, excerpts, and summaries thereof, or will destroy same at the option of the receiving party, and will purge all such information from all machine-readable media on which it resides. Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate Confidential Information, and will continue to be bound by this Order with respect to all such retained information. Further, attorney work product that contains Confidential Information need not be destroyed, but, if it is not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information.

22. The restrictions and obligations set forth herein will not apply to any

Discovery Materials that:

    a.    the parties agree should not be designated Confidential Information;

    b.    the parties agree, or the Court rules, already are within public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Order; or

    c.    have come or will come into the receiving party's legitimate knowledge independently of the production by the designating party. Prior knowledge must be established by pre-production documentation.

23. The restrictions and obligations herein will not be deemed to prohibit discussions of any Confidential Information with anyone if that person already has or obtains legitimate possession thereof.

24. Transmission by facsimile is acceptable for all notification purposes herein.

25. This Order may be modified by agreement of the parties, subject to approval by the Court.

26. The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings. The parties prefer that the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications, prior to entry of such an order.

///
///
///
///
///
///
///
///
///

IT IS SO ORDERED.
DATED: 5/7/10
UNITED STATES MAGISTRATE JUDGE

The parties respectfully request the Court enter this Protective Order.

Dated: April 12, 2010.

JEROME L. RINGLER
PAUL ALVAREZ
THOMAS H. PETERS
RINGLER KEARNEY ALVAREZ, LLP

By: _____
Thomas H. Peters
Attorneys for Plaintiff Mesindo Pompa

Dated: April 12, 2010.

JEFFREY D. WOHL
RISHI N. SHARMA
GREGGORY W. DALTON
PAUL, HASTINGS, JANOFSKY & WALKER LLP

By: /s/ Jeffrey D. Wohl
Jeffrey D. Wohl
Attorneys for Defendant Target Corporation