JS-6

(Counsel listed on next page)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MESINDO POMPA, individually and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br>vs.<br><br>TARGET CORPORATION, and DOES 1 through 50, Inclusive,<br><br>  Defendants. | No. CV-10-0634 AHM (FFMx)<br><br>[PROPOSED] ORDER:<br><br>**(1) GRANTING FINAL APPROVAL TO CLASS ACTION SETTLEMENT, AND**<br><br>**(2) ENTERING FINAL JUDGMENT**<br><br>Date:     Monday, February 13, 2012<br>Time:     10:00 a.m.<br>Courtroom: 14, 312 N. Spring St., Los Angeles, CA<br>Judge:    Hon. A Howard Matz |

1  JEROME L. RINGLER (Cal. State Bar No. 059918)
   PAUL ALVAREZ (Cal. State Bar No. 115350)
2  RINGLER KEARNEY ALVAREZ, LLP
3  633 West Fifth Street, 28th Floor
   Los Angeles, California  90071
4  Telephone:  (213) 473-1900
   Facsimile:  (213) 473-1919
5  jringler@rkallp.com
   palvarez@rkallp.com
6
   Attorneys for Plaintiff Mesindo Pompa
7
   GENE J. STONEBARGER (Cal. State Bar No. 209461)
8  RICHARD D. LAMBERT (Cal. State Bar No. 251148)
   STONEBARGER LAW
9  A Professional Corporation
   75 Iron Point Circle, Suite 145
10 Folsom, California  95630
   Telephone:  (916) 235-7140
11 Facsimile:  (916) 235-7141
12 gstonebarger@stonebargerlaw.com
   rlambert@stonebargerlaw.com
13
   JAMES R. PATTERSON (Cal. State Bar No. 211102)
14 ALISA A. MARTIN (Cal. State Bar No. 224037)
   PATTERSON LAW GROUP, APC
15 402 West Broadway, 29th Floor
   San Diego, California  92101
16 Telephone:  (619) 756-6990
17 Facsimile:  (619) 756-6991
   jim@pattersonlawgroup.com
18 alisa@pattersonlawgroup.com

19 Attorneys for Troy Kool

20 JEFFREY D. WOHL (Cal. State Bar No. 96838)
   RISHI N. SHARMA (Cal. State Bar No. 239034)
21 PAUL HASTINGS LLP
   55 Second Street, 24th Floor
22 San Francisco, California  94105
23 Telephone:  (415) 856-7000
   Facsimile:  (415) 856-7100
24 jeffwohl@paulhastings.com
   rishisharma@paulhastings.com
25
26 Attorneys for Defendant Target Corporation
27
28

1    On February 13, 2012, a hearing was held on the joint motion of Mesindo Pompa ("Pompa) and Troy Kool ("Kool") (collectively, "Plaintiffs") and defendant Target Corporation ("Target") (collectively with Plaintiffs, the "Parties"), for final approval of their class settlement (the "Settlement") and for approval of payments to the Labor and Workforce Development Agency and the Settlement Administrator.  The Parties have submitted their Settlement, which this Court preliminarily approved by its September 2, 2011, order (Docket No. 49) (the "Preliminary Approval Order") and subsequently amended on October 31, 2011 (Docket No. 51).  In accordance with the Preliminary Approval Order, Class Members have been given notice of the terms of the Settlement and the opportunity to object to it or exclude themselves from the Class and the Settlement.

Having received and considered the Settlement, the supporting papers filed by the Parties, and the evidence and argument received by the Court before entering the Preliminary Approval Order and at the final approval hearing, the Court grants final approval of the Settlement, enters this Final Approval Order, and HEREBY ORDERS and MAKES DETERMINATIONS as follows:

1.    Except as otherwise specified herein, the Court for purposes of this Final Approval Order adopts all defined terms set forth in the Settlement.

2.    The Court has jurisdiction over this action and the Settlement under the jurisdictional provisions of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).

3.    Pursuant to the Preliminary Approval Order, a Class Notice Packet was sent to each Class Member by first-class mail.  The Class Notice Packet consisted of Notice of the Conditional Certification of Settlement Class, the Preliminary Approval of Settlement, and the Hearing Date for Final Court Approval, and a Class Member Settlement Information Sheet and an Election Not to Participate in Settlement.  These papers informed Class Members of the terms of the Settlement, their right to receive a Settlement Share, their right to object to the Settlement, their right to elect not to

participate in the Settlement and pursue their own remedies, and their right to appear in person or by counsel at the final approval hearing and be heard regarding approval of the Settlement. Adequate periods of time were provided by each of these procedures.

4. The Court finds and determines that this notice procedure afforded adequate protections to Class Members and provides the basis for the Court to make an informed decision regarding approval of the Settlement based on the responses of Class Members. The Court finds and determines that the notice provided in this case was the best notice practicable, and satisfied the requirements of law and due process.

5. Pursuant to CAFA, not later than ten days after the Parties' joint motion seeking preliminary approval of the Settlement was filed in court, Target served upon the Attorney General of the United States and the appropriate state official of each state in which a Class Member resides a notice of the Settlement consisting of: copies of Plaintiffs' complaints; a notice of the scheduled judicial hearings in this action; copies of the Settlement and Class Notice Packet; and the names of Class Members who reside in each state and the estimated proportionate share of the Class Members in each state compared to the entire Settlement. The notice of Settlement also invited comment on the Settlement. This Final Approval Order is not being issued earlier than ninety days after the later of the dates on which the appropriate federal and state officials were served with the notice of the Settlement. Accordingly, the Court finds and determines that Target has discharged its obligations under CAFA to provide notice to the appropriate federal and state officials, and that 28 U.S.C. section 1715(e) has no applicability to the Settlement.

6. The Court finds and determines that the terms of the Settlement are fair, reasonable, and adequate to the Class and to each Class Member and that the Class Members who have not opted out will be bound by the Settlement, that the Settlement is ordered finally approved, and that all terms and provisions of the Settlement should be and hereby are ordered to be consummated.

7. The Court finds and determines that the Settlement Shares to be paid to the Class Members as provided for by the Settlement are fair and reasonable. The Court

1  hereby gives final approval to and orders the payment of those amounts be made to the Class Members out of the Net Settlement Amount in accordance with the Settlement.

8. The Court finds and determines that payment to the California Labor and Workforce Development Agency of $25,000 as its share of the settlement of civil penalties in this case is fair, reasonable, and appropriate. The Court hereby gives final approval to and orders that the payment of that amount be paid out of the Gross Settlement Amount in accordance with the Settlement.

9. The Court finds and determines that the fees and expenses of Rust Consulting, Inc., in administering the Settlement, in the amount of not more than $32,000, are fair and reasonable. The Court hereby gives final approval to and orders that the payment of that amount be paid out of the Gross Settlement Amount in accordance with the Settlement.

10. The Court determines by separate order the request by Plaintiff and Class Counsel to the Class Representative Payments, Class Counsel Fees Payment, and Class Counsel Litigation Expenses Payment.

11. Nothing in this order shall preclude any action to enforce the Parties' obligations under the Settlement or under this order, including the requirement that the Settlement Administrator make payments from the Gross Settlement Amount in accordance with the Settlement.

12. Upon completion of administration of the Settlement, the Settlement Administrator will provide written certification of such completion to the Court and counsel for the Parties.

13. By operation of the entry of this Final Approval Order and pursuant to the Settlement, Plaintiffs are permanently barred from prosecuting against Target any of Plaintiffs' Released Claims; Participating Class Members are permanently barred from prosecuting against Target any of the Class's Released Claims; and Class Counsel are permanently barred from prosecuting against Target any of the Class Counsel's Released Claims.

14. If, for any reason, the Settlement ultimately does not become Final (as defined by the Settlement), this Final Approval Order will be vacated; the Parties will return to their respective positions in this action as those positions existed immediately before the Parties executed the Settlement; and nothing stated in the Settlement or any other papers filed with this Court in connection with the Settlement will be deemed an admission of any kind by any of the Parties or used as evidence against, or over the objection of, any of the Parties for any purpose in this action or in any other action.

15. The Parties entered into the Settlement solely for the purpose of compromising and settling disputed claims. Target in no way admits any violation of law or any liability whatsoever to Plaintiffs and the Class, individually or collectively, all such liability being expressly denied by Target.

16. By means of this Final Approval Order, this Court hereby enters final judgment in this action, as defined by the Federal Rules of Civil Procedure.

17. Without affecting the finality of this Final Approval Order in any way, the Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation, and enforcement of this order and the Settlement.

18. The Parties are hereby ordered to comply with the terms of the Settlement.

19. This action is dismissed with prejudice, each side to bear its own costs and attorneys' fees except as provided by the Settlement.

Dated: February 13, 2012.

_____
A. Howard Matz
United States District Judge